1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAININ II, LLC, et al.,

                Plaintiffs,

v.

JOHN ALLEN, et al.,

                Defendants.

NO. C06-420P

ORDER ON PLAINTIFFS' MOTION
TO STAY AND TO COMPEL
ARBITRATION

14

15

16

       This matter comes before the Court on plaintiffs' motion to stay and to compel arbitration.

(Dkt. No. 45).  Having reviewed the materials submitted by the parties and the balance of the record,

the Court GRANTS in part and DENIES in part plaintiffs' motion.  The Court ORDERS as follows:

17

18

19

       (1)     The Court GRANTS plaintiffs' motion to the extent it seeks to compel arbitration and

stay litigation of claims asserted by plaintiffs Shainin LLC and Red X Holdings LLC against defendant

David Hartshorne.  Arbitration between these parties is compelled pursuant to:

20

             (a)     The 1998 License Agreement executed by David Hartshorne, which was
                    subsequently assigned to Red X Holdings LLC in 2002; and

21

22

             (b)     The 1998 Standard Consultant Agreement between David Hartshorne and
                    Shainin LLC.

23

24

25

       (2)     The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration

pursuant to the 1993 License Agreement between David Hartshorne and Red X Technologies, Inc.

Red X Technologies, Inc. is not a party to this action and plaintiffs have not offered sufficient evidence

26

ORDER - 1

1  to demonstrate that a named plaintiff has been assigned the right to enforce the 1993 license

2  agreement.

3      (3)    The Court GRANTS plaintiffs' motion to the extent it seeks to compel arbitration and

4  stay litigation of claims asserted by plaintiff Red X Holdings LLC against defendant John Allen

5  pursuant to a 1998 License Agreement executed by Mr. Allen, which was subsequently assigned to

6  Red X Holdings LLC in 2002.

7      (4)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

8  claims asserted by plaintiffs for violations of Section 9 of a 2003 Employment Consultant Agreement

9  between Shainin LLC and defendant John Allen.  This agreement provides that "in lieu of arbitration,"

10  Shainin may seek legal and equitable relief in this Court for alleged breaches of Section 9 of the

11  agreement.  Because Shainin chose to file a lawsuit in this Court seeking damages to be determined at

12  trial as well as a permanent injunction against Mr. Allen pursuant to the 2003 agreement, the Court

13  finds that Shainin is not entitled to arbitrate the claims asserted in its complaint against Mr. Allen

14  pursuant to Section 9 of the 2003 agreement.

15      (5)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

16  claims asserted by plaintiffs pursuant to a purported 2002 Consulting Agreement between plaintiff

17  Shainin LLC and defendant John Allen.  Because plaintiffs have not produced a signed copy of this

18  document, the Court cannot compel arbitration pursuant to this document.

19      (6)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

20  claims asserted by Shainin II, LLC.  It is undisputed that Shainin II, LLC does not have an arbitration

21  agreement with any of the defendants.

22      (7)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

23  claims asserted against John Allen LLC, David Hartshorne, Ltd., and The New Science of Fixing

24  Things, Ltd.  None of these corporate entities signed any of the arbitration agreements.  This denial is

25

26  ORDER - 2

1   without prejudice to plaintiffs' ability to file a renewed motion that demonstrates why these non-

2   signatory corporate defendants should be compelled to arbitrate any disputes with plaintiffs.

3                                                    **Background**

4           There are three named plaintiffs in this action: (1) Shainin II, LLC; (2) Shainin LLC; and (3)

5   Red X Holdings LLC.  Plaintiffs are affiliated companies.  According to plaintiffs' complaint, the

6   companies "provide consulting and training services to help manufacturing and product development

7   business avoid and reduce costs associated with technical problems."  (Complaint ¶ 1).

8           Plaintiffs' complaint names five defendants: (1) John Allen; (2) David Hartshorne; (3) John

9   Allen LLC; (4) David Hartshorne, Ltd.; and (5) The New Science of Fixing Things, Ltd.  Mr. Allen

10  was affiliated with Shainin companies as an employee, member, and consultant.  He ended his

11  affiliation with Shainin companies in the summer of 2004 and now offers consulting and training

12  services through John Allen LLC.  Mr. Hartshorne was affiliated with Shainin companies as a member

13  and as a consultant.  He terminated his consulting agreement with Shainin in December 2005 and now

14  offers consulting and training services through David Hartshorne, Ltd.   Since ending their affiliations

15  with Shainin companies, Mr. Allen and Mr. Hartshorne have also worked together in connection with

16  a company called "The New Science of Fixing Things, Ltd."

17          Mr. Allen and Mr. Hartshorne executed a number of agreements while affiliated with Shainin

18  companies, some of which included confidentiality and non-competition clauses.  Plaintiffs' complaint

19  raises various claims alleging violations of these agreements, including claims for breach of contract,

20  tortious interference, unfair competition, trademark infringement, and Washington Consumer

21  Protection Act violations.[1]

22          Plaintiffs filed their complaint on March 24, 2006, along with a motion for a preliminary

23  injunction.  Plaintiffs' complaint seeks damages to be determined at trial, as well as a preliminary and

24  ──────────────

25          [1]  Plaintiffs' complaint also raised claims for misappropriation of trade secrets.  However, plaintiffs have indicated that they do not intend to pursue such claims.

26  ORDER - 3

permanent injunction. On the same day, plaintiffs also filed a notice of intent to arbitrate and demand for expedited arbitration with the American Arbitration Association. In their preliminary injunction motion, plaintiffs indicated that they sought a preliminary injunction from this Court because "urgent injunctive relief is requested within a shorter time frame than would be possible in a proceeding before the AAA." (Dkt. No. 5, at 3). On May 15, 2006, the Court issued an order that granted in part and denied in part plaintiffs' motion for a preliminary injunction.

Shortly after the Court issued its order on plaintiffs' motion for a preliminary injunction, plaintiffs moved to compel arbitration of their claims. In support of their motion to compel, plaintiffs cite arbitration clauses in six agreements allegedly executed by Mr. Allen or Mr. Hartshorne. These agreements are:

* A 1998 License Agreement between John Allen, Red X, Inc., and Shainin LLC which provided that "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of this Agreement, shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association . . . ." (Dkt. No. 1, Ex. 3, ¶ 12.9). In 2002, Mr. Allen signed a document that assigned this agreement to plaintiff Red X Holdings LLC. (Dkt. No. 60-2, Ex. A).

* A 2002 Consulting Agreement which was purportedly executed by John Allen and Shainin LLC. This document provides "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of thereof, shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association." (Dkt. No. 60-2, Ex. C, ¶ 14.8). It should be noted that plaintiffs have not produced a signed copy of this document.

* A 2003 Employment Consultant Agreement between John Allen and Shainin LLC that provides "[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association then in effect." Unlike the other agreements, this agreement also provides that "[n]otwithstanding the provisions of this [section], the parties agree that at the Company's option, in lieu of arbitration, the Company may seek interim relief, injunctive relief, specific performance and any other available legal or equitable remedy from a court of competent jurisdiction in the event that Employee breaches or threatens to breach any provision set forth in Section 9 of this Agreement." (Dkt. No. 1, Ex. 2, ¶ 14.8).

* A 1993 License Agreement between David Hartshorne and Red X Technologies, Inc. that provides "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association . . . ." (Dkt. No. 1, Ex. 4, ¶ 22.1). "Red X Technologies, Inc." is not a named plaintiff in this action.

ORDER - 4

\*     A 1998 License Agreement between David Hartshorne, Red X, Inc., and Shainin LLC that provides "[a]ny controversy or claim arising out of or relating to this Agreement or the breach of this Agreement, shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association . . . ." (Dkt. No. 2, Ex. G, ¶ 12.9).  In 2002, Mr. Hartshorne signed a document that assigned this agreement to plaintiff Red X Holdings LLC.  (Dkt. No. 2, Ex. H).

\*     A 1998 Standard Consultant Agreement between David Hartshorne and Shainin LLC that provides "[a]ny controversy or claim arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association . . . ." (Dkt. No. 1, Ex. 5, ¶ 13.9).

**Analysis**

Under the Federal Arbitration Act, the Court's role in determining whether to compel arbitration turns on two questions: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).  "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms."  Id.

**A.**     **Existence of Arbitration Agreements**

    1.     <u>Non-Signatory Defendants</u>

Defendants argue that three defendants (John Allen LLC, David Hartshorne, Ltd., and the New Science of Fixing Things, Ltd.) are not parties to any of the arbitration agreements and therefore cannot be compelled to arbitrate.  Plaintiffs did not address this issue in their opening brief.  In their reply brief, plaintiffs offer the following response to defendants' argument:

> John Allen and David Hartshorne, the parties who signed the arbitration agreements, are the sole officers and shareholders of the corporate defendants.  They cannot "evade legal obligations" by creating entities to mask their actions.  All defendants must arbitrate.

(Reply at 5) (internal citations omitted).

The question of whether non-signatories to an arbitration agreement may be compelled to arbitrate is governed by federal substantive law rather than state law.  See Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185, 1187 (9th Cir. 1986).  Under Ninth Circuit law, "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency

ORDER - 5

1  principles." Id. at 1187-88. "Among these principles are '1) incorporation by reference; 2)

2  assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel.'" Comer v. Micor, Inc., 436 F.3d

3  1098, 1101 (9th Cir. 2006).

4        Though not explicitly stated, plaintiffs appear to argue in their reply brief that the three

5  corporate defendants who are non-signatories to the arbitration agreements may be compelled to

6  arbitrate under a "veil-piercing/alter ego" theory.  Putting aside the fact that plaintiffs did not raise this

7  argument until their reply brief, they do not cite authority indicating that the corporate veil may be

8  pierced solely because Mr. Allen and Mr. Hartshorne are the officers and shareholders of the corporate

9  defendants.  Plaintiffs need to make a stronger showing – and one not presented for the first time in a

10 reply brief – in order to justify piercing the corporate veil.

11       Therefore, the Court denies plaintiffs' motion to the extent it seeks to compel John Allen LLC,

12 David Hartshorne, Ltd., and the New Science of Fixing Things, Ltd. to arbitrate.  This denial is

13 without prejudice to plaintiffs' ability to submit a renewed motion that demonstrates why these non-

14 signatories are subject to the arbitration agreements signed by Mr. Allen and Mr. Hartshorne.

15       2.    Non-Signatory Plaintiff

16       Defendants also note that plaintiff Shainin II, LLC is not a party to any agreement that includes

17 an arbitration clause.  Although David Hartshorne executed an agreement in 2004 with Shainin II,

18 LLC (see Complaint, Ex. 6), the agreement does not include an arbitration clause.  Plaintiffs' response

19 to this point is contained in a footnote in their reply brief, where they argue:

20     Shainin submits that the basis of Shainin II's claims against Mr. Hartshorne for violation of the
       confidentiality clause of that agreement are related, both legally and factually, to Shainin's
21     other contractual claims against Mr. Hartshorne and that on that basis it would be both
       efficient and fair to address those claims in arbitration as well. However, to the extent the
22     Court disagrees, Shainin respectfully requests that the Court stay Shainin II's claims while the
       other claims proceed in arbitration.

23

24

25

26 ORDER - 6

1  (Dkt. No. 59 at 6 n.5).  Plaintiffs cite no legal authority to support this argument.  Because Shainin II,

2  LLC does not have any arbitration agreement with Mr. Hartshorne, the company is not entitled to

3  compel arbitration of its claims against him.

4      3.      1993 Agreement between David Hartshorne and Red X Technologies, Inc.

5      Defendants also argue that plaintiffs cannot compel arbitration pursuant to a 1993 license

6  agreement between David Hartshorne and Red X Technologies, Inc.  Defendants note that Red X

7  Technologies, Inc. is not a party to either this case or the proposed arbitration.  In their reply brief,

8  plaintiffs argue that Red X Holdings LLC (a named plaintiff) is a successor in interest to Red X

9  Technologies and therefore may enforce the agreement.  However, Plaintiffs do not point to evidence

10  demonstrating that Red X Technologies assigned its rights under the 1993 license agreement to Red X

11  Holdings LLC.[2]  See, e.g., Britton v. Co-op Banking, 4 F.3d 742, 746 (9th Cir. 1993) (party must

12  offer sufficient proof to demonstrate that it is a successor in interest or assignee of a contractual right).

13      However, plaintiffs have offered evidence that Mr. Hartshorne executed a 1998 license

14  agreement with Shainin that includes an arbitration clause.  Plaintiffs have also offered evidence that

15  this agreement was subsequently assigned to plaintiff Red X Holdings in 2002.  As a result, Red X

16  Holdings has a valid arbitration agreement with Mr. Hartshorne by virtue of the 1998 license

17  agreement and 2002 assignment of this agreement to Red X Holdings.

18      4.      Purported 2002 Agreement between John Allen and Shainin LLC

19      Defendants also argue that John Allen cannot be compelled to arbitrate under a purported

20  2002 Consulting Agreement between Mr. Allen and Shainin LLC.  Mr. Allen argues that "plaintiffs

21  have only placed three pages of this alleged agreement before the Court, and the proffered agreement

22  is not executed by any party."  (Opp. at 9).

23

24      [2]  It also appears that the 1993 agreement may have expired.  See Dkt. No. 1, Ex. 4, ¶ 10.1(b)
(providing that the agreement would expire after an initial term of five years from the effective date of
the agreement, unless the parties agreed in writing more than 60 days in advance of such date to

25  extend the agreement).

26  ORDER - 7

In response, Plaintiffs have produced a complete – but unsigned – copy of this document. Although the document is unsigned, plaintiffs argue in their reply brief that the 2002 agreement is enforceable because Mr. Allen "***admitted*** in his answer that he signed the agreement." (Reply at 6) (citing ¶¶ 24-29 of John Allen's answer to complaint) (emphasis in original). However, Mr. Allen's answer does not include an admission that he signed this particular document. The complaint does not specifically reference a 2002 agreement between Mr. Allen and any of the plaintiffs. In terms of agreements involving Mr. Allen, the complaint specifically references only a 2003 Consultant Agreement (Complaint, ¶ 26-27) and a 1998 Red X License Agreement (id. ¶ 28). As a result, the Court finds that plaintiffs have not demonstrated that they are entitled to arbitration of any disputes with Mr. Allen pursuant to the purported 2002 Consulting Agreement, since plaintiffs have not demonstrated that Mr. Allen executed this agreement.

5.     <u>Summary</u>

Plaintiffs have not demonstrated that there are valid arbitration agreements between plaintiff Shainin II, LLC and any of the defendants. In addition, plaintiffs have not demonstrated that there are valid arbitration agreements between any of the plaintiffs and defendants John Allen LLC, David Hartshorne, Ltd., or The New Science of Fixing Things, Ltd., nor have plaintiffs offered sufficient evidence to support compelling these non-signatory defendants to arbitrate any disputes under a veil-piercing/alter ego theory. Finally, plaintiffs have not demonstrated that the Court may compel arbitration pursuant to a 1993 license agreement between David Hartshorne and Red X Technologies, Inc.

**B**.     **Plaintiffs' Right to Compel Arbitration After Filing this Lawsuit**

Defendants also argue that plaintiffs are not entitled to arbitration because plaintiffs filed this lawsuit, which seeks essentially the same relief that plaintiffs seek in arbitration. Defendants' argument is based on the language of the agreements, as well as waiver theories.

ORDER - 8

1          1.     2003 Employment Consultant Agreement with Mr. Allen

2          The arbitration clause in John Allen's 2003 Employment Consultant Agreement with Shainin

3  LLC differs in significant respects from the arbitration clauses contained in other agreements at issue

4  in this case.  Much like the other agreements, the 2003 agreement provides that "[a]ny controversy or

5  claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in

6  accordance with the commercial Arbitration Rules of the American Arbitration Association then in

7  effect."  (Dkt. No. 1, Ex. 2, ¶ 14.8).  However, unlike the other agreements, the 2003 agreement

8  includes the following provision:

9          Notwithstanding the provisions of this [section], the parties agree that at the Company's
           option, **in lieu of arbitration**, the Company may seek interim relief, injunctive relief, specific
10         performance and any other available legal or equitable remedy from a court of competent
           jurisdiction in the event that Employee breaches or threatens to breach any provision set forth
11         in Section 9 of this Agreement.[3]

12  Id.  (emphasis added).

13         Defendants maintain that because plaintiffs filed a complaint in this Court that seeks damages

14  to be determined at trial and a permanent injunction, plaintiffs are now foreclosed under the 2003

15  agreement from seeking the same relief in arbitration.  In response, plaintiffs argue that they made it

16  clear in their preliminary injunction motion and "in every appearance before this Court" that they

17  intended to arbitrate and that defendants cannot claim confusion because they received plaintiffs'

18  demand for arbitration on the same day as the complaint.  (Reply at 4).

19         The language of the 2003 agreement includes a broad arbitration clause.  However, the

20  agreement also specifically provides that "at the Company's option, in lieu of arbitration, the Company

21  may seek interim relief, injunctive relief, specific performance and any other available legal or equitable

22  remedy from a court of competent jurisdiction" if Mr. Allen breached or threatened to breach the

23  provision of Section 9 of the agreement.  (Dkt. No. 1, Ex. 2, ¶ 14.8) (emphasis added).  Here,

24

25         [3] Section 9 of the Agreement includes confidentiality and non-competition clauses.

26  ORDER - 9

1    plaintiffs' complaint alleges that Mr. Allen breached the confidentiality and non-competition provisions

2    of Section 9 of the 2003 agreement.  (Complaint ¶¶ 25-27, 47-50).  The complaint also requests

3    damages to be determined at trial and a permanent injunction.  Id. at 17-18.  By filing a complaint in

4    this Court seeking damages to be determined at trial and a permanent injunction, Shainin LLC plainly

5    chose to seek both legal and equitable remedies from this Court for Mr. Allen's alleged breaches of

6    Section 9 of the agreement.

7           Under these circumstances, the Court finds that Shainin is not entitled under the 2003

8    agreement to compel arbitration of the claims asserted in the complaint against Mr. Allen for violations

9    of Section 9 of the agreement.  By its express terms, the 2003 agreement provides that "in lieu of

10   arbitration," Shainin LLC has the option of seeking any "available or legal equitable remedy" in court

11   for breaches of Section 9 of the agreement.  The term "in lieu of" is not ambiguous; it means

12   "[i]nstead of or in place of."  Black's Law Dictionary (8th ed. 1999).  Because Shainin chose to file a

13   complaint in this Court that seeks legal and equitable relief against Mr. Allen for alleged violations of

14   Section 9 of the 2003 agreement, Shainin is now precluded under the agreement from seeking the

15   same relief in arbitration.  To hold otherwise would effectively require the Court to read the "in lieu of

16   arbitration" language out of the arbitration agreement.

17          To be sure, plaintiffs' motion for a preliminary injunction suggested that plaintiffs intended to

18   arbitrate their disputes.  In that motion, which was filed the same day as their complaint, plaintiffs

19   stated:

20          Simultaneously with the filing of this motion for preliminary injunction, Plaintiffs are submitting
            their written notice of intent to arbitrate these disputes before the AAA.  Certain of the
21          contracts between Plaintiffs and Defendants Allen and Hartshorne require arbitration of
            disputes relating to the contracts.  However, certain of the contracts provide for resort to the
22          courts for purposes of seeking and obtaining injunctive relief.  By this action, the Plaintiffs seek
            a preliminary injunction to preserve the status quo, as urgent injunctive relief is requested
23          within a shorter time frame than would be possible in a proceeding before the AAA.

24   (Dkt. No. 5 at 2-3).  Nonetheless, the complaint that plaintiffs actually filed in this Court was not

25   limited to seeking preliminary injunctive relief.  If plaintiffs only desired to seek interim injunctive relief

26   ORDER - 10

1    from this Court while arbitrating the merits of their disputes, plaintiffs could have filed a demand for

2    arbitration and an action for injunctive relief in this Court.  See, e.g., SATCOM Int'l Group PLC v.

3    Orbcomm Int'l Partners, L.P., 49 F. Supp. 2d 331, 338 (S.D.N.Y. 1999) (noting that a party may seek

4    arbitration and at the same time bring an injunctive action to maintain the status quo pending the

5    completion of arbitration).  Instead, plaintiffs chose to file a complaint that seeks full relief from in this

6    Court for Mr. Allen's alleged breaches of Section 9 of the 2003 agreement, including damages to be

7    determined at trial and a permanent injunction.  Because plaintiffs chose to file a complaint in this

8    Court seeking full relief for their claims against Mr. Allen under the 2003 agreement, the Court must

9    conclude that plaintiffs are required under the 2003 agreement to pursue such claims in this Court "in

10   lieu of arbitration."

11       **B.      Remaining Arbitration Agreements**

12       The remaining arbitration agreements[4] do not contain the "in lieu of arbitration" provision that

13   was included in Mr. Allen's 2003 agreement.  Instead, these agreements include mandatory arbitration

14   clauses.  Despite these mandatory arbitration clauses, defendants argue that plaintiffs cannot seek

15   arbitration under the remaining agreements.  Defendants ask the Court to find that Plaintiffs have

16   waived their right to arbitration under the remaining agreements.

17       A party seeking to prove waiver of arbitration must demonstrate that the party seeking to

18   compel arbitration: (1) knew of its right to arbitrate; (2) acted inconsistently with that right; and (3)

19   caused prejudice to the non-moving party.  Britton v. Co-op Banking Group, 916 F.2d 1405, 1412

20   (9th Cir. 1990).  Courts "do not lightly find waiver of the right to arbitrate."  Chappel v. Laboratory

21   Corp. of America, 232 F.3d 719, 724 (9th Cir. 2000).  "[W]aiver of the right to arbitration is

22

23       [4]  The Court uses the term "the remaining arbitration agreements" to refer to the following
     three agreements: (1) the 1998 License Agreement executed by David Hartshorne, which was
24   subsequently assigned to Red X Holdings LLC in 2002; (2) the 1998 Standard Consultant Agreement
     between David Hartshorne and Shainin LLC; and (3) the 1998 License Agreement executed by John
25   Allen, which was subsequently assigned to Red X Holdings LLC in 2002.

26   ORDER - 11

1   disfavored because it is a contractual right, and thus 'any party arguing waiver of arbitration bears a

2   heavy burden of proof.'" Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758 (9th Cir.

3   1989).

4       Here, there is no dispute that plaintiffs knew of their right to arbitrate under the remaining

5   agreements.  Plaintiffs also acted inconsistently with their right to arbitrate under the remaining

6   agreements by filing a complaint in this Court that seeks full relief on their claims, including damages

7   to be determined at trial and a permanent injunction.[5]

8       However, the Court finds that defendants have not demonstrated that they have been

9   prejudiced by plaintiffs' inconsistent actions with respect to the remaining arbitration agreements.  As

10  noted above, plaintiffs filed a demand for arbitration on the same date that they filed this lawsuit and

11  suggested in their preliminary injunction motion that they would seek to arbitrate the merits of their

12  claims.  As a result, defendants were put on notice from the outset that plaintiffs would seek to

13  arbitrate at least some of their claims.  To be sure, defendants were required to expend resources in

14  this Court to defend against plaintiffs' motion for a preliminary injunction.  However, plaintiffs were

15  not foreclosed from seeking a preliminary injunction in this Court to maintain the status quo pending

16  arbitration of their claims under the remaining agreements.  As noted above, a plaintiff seeking

17  arbitration may request that a court issue an injunction in aid of arbitration to maintain the status quo

18  pending arbitration.  See SATCOM, 49 F. Supp. 2d at 338; see generally PMS Distrib. Co. v. Huber

19  & Suhner, A.G., 863 F.2d 639, 641-42 (9th Cir. 1988) (citing with approval cases holding that a

20

_____

21      [5]  Defendants also appear to suggest that plaintiffs have acted inconsistently with an intent to
    arbitrate because: (1) Pete Shainin allegedly told John Allen in January 2005 that materials on Mr.
22  Allen's website infringed Shainin's intellectual property rights; (2) plaintiffs did not file this complaint
    and a demand for arbitration until March 2006.  In response, plaintiffs point to Benson Pump Co. v.
23  South Central Pool Supply, Inc., 325 F. Supp. 2d 1152 (D. Nev. 2004), where the court stated
    "according to the Ninth Circuit, timeliness of a motion to compel arbitration is a procedural question
24  to be decided by the arbitrator, not the court." Id. at 1157 (citing Retail Delivery Drivers v.
    Servomation Corp., 71 F.2d 475, 478 (9th Cir. 1983)).  The Court agrees with plaintiffs' analysis of
25  this point.

26  ORDER - 12

1   district court may issue a preliminary injunction even when the merits of the underlying dispute are

2   subject to arbitration).  Defendants also have not been prejudiced by engaging in discovery under the

3   rules applicable in federal court, since the remaining arbitration agreements all provide for discovery

4   "as provided by the United States Federal Rules of Civil Procedure as modified by the Local Rules for

5   the Western District of Washington."  See Dkt. No. 1, Ex. 3, ¶ 12.9; Dkt. No. 2, Ex. G, ¶ 12.9; Dkt.

6   No. 1, Ex. 5, ¶ 13.9.

7          Under these circumstances, the Court finds that defendants have not demonstrated prejudice

8   resulting from actions that plaintiffs have taken that are inconsistent with their right to arbitrate.

9   Therefore, the Court will grant Plaintiffs' motion to compel arbitration and to stay the litigation with

10  respect to claims arising under: (1) the 1998 License Agreement executed by David Hartshorne, which

11  was subsequently assigned to Red X Holdings LLC in 2002; (2) the 1998 Standard Consultant

12  Agreement between David Hartshorne and Shainin LLC; and (3) the 1998 License Agreement

13  executed by John Allen, which was subsequently assigned to Red X Holdings LLC in 2002.

14                                             **Conclusion**

15          Consistent with the discussion above, the Court GRANTS in part and DENIES in part

16  plaintiffs' motion to stay and to compel arbitration.  The Court ORDERS as follows:

17          (1)     The Court GRANTS plaintiffs' motion to the extent it seeks to compel arbitration and

18  stay litigation of claims asserted by plaintiffs Shainin LLC and Red X Holdings LLC against defendant

19  David Hartshorne.  Arbitration between these parties is compelled pursuant to:

20                  (a)     The 1998 License Agreement executed by David Hartshorne, which was
                            subsequently assigned to Red X Holdings LLC in 2002; and
21
                    (b)     The 1998 Standard Consultant Agreement between David Hartshorne and
22                          Shainin LLC.

23          (2)     The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration

24  pursuant to the 1993 License Agreement between David Hartshorne and Red X Technologies, Inc.

25

26  ORDER - 13

1   Red X Technologies, Inc. is not a party to this action and plaintiffs have not offered sufficient evidence

2   to demonstrate that any named plaintiffs have been assigned rights under the 1993 license agreement.

3       (3)    The Court GRANTS plaintiffs' motion to the extent it seeks to compel arbitration and

4   stay litigation of claims asserted by plaintiff Red X Holdings LLC against defendant John Allen

5   pursuant to a 1998 License Agreement executed by Mr. Allen, which was subsequently assigned to

6   Red X Holdings LLC in 2002.

7       (4)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

8   claims asserted by plaintiffs for violations of Section 9 of a 2003 Employment Consultant Agreement

9   between Shainin LLC and defendant John Allen.  This agreement provides that "in lieu of arbitration,"

10  Shainin may seek legal and equitable relief in court for alleged breaches of Section 9 of the agreement.

11  Because Shainin filed a lawsuit in this Court seeking damages to be determined at trial as well as a

12  permanent injunction, the Court finds that Shainin is not entitled to arbitrate the claims asserted in its

13  complaint against Mr. Allen pursuant to Section 9 of the 2003 agreement.

14      (5)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

15  claims asserted by plaintiffs pursuant to a purported 2002 Consulting Agreement between plaintiff

16  Shainin LLC and defendant John Allen.  Because plaintiffs have not produced a signed copy of this

17  document, the Court cannot compel arbitration pursuant to this document.

18      (6)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

19  claims asserted by Shainin II, LLC.  It is undisputed that Shainin II, LLC does not have an arbitration

20  agreement with any of the defendants.

21      (7)    The Court DENIES plaintiffs' motion to the extent it seeks to compel arbitration of

22  claims asserted against John Allen LLC, David Hartshorne, Ltd., and The New Science of Fixing

23  Things, Ltd.  None of these corporate entities signed any of the arbitration agreements.  This denial is

24  without prejudice to plaintiffs' ability to file a renewed motion that demonstrates why these non-

25  signatory corporate defendants should be compelled to arbitrate any disputes with plaintiffs.

26  ORDER - 14

1        The Court recognizes that this order will likely result in piecemeal proceedings involving

2   similar (if not identical) facts and legal issues in two different forums.  Unfortunately, this highly

3   inefficient result is dictated by the unusual facts of this case and by the conduct of the parties.

4   Although the parties would likely be well-served if they could agree to pursue all claims in one forum,

5   the Court cannot compel the parties to do so.  Instead, the Court must "rigorously enforce agreements

6   to arbitrate, even if the result is 'piecemeal' litigation."  <u>Dean Witter Reynolds v. Byrd</u>, 470 U.S. 213,

7   221 (1985).

8        The clerk is directed to send copies of this order to all counsel of record.

9        Dated: August 28, 2006

10

11                                              s/Marsha J. Pechman
                                                Marsha J. Pechman
12                                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 15