UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAININ II, LLC, et al.,

                Plaintiffs,

v.

JOHN ALLEN, et al.,

                Defendants.

NO. C06-420P

ORDER ON PLAINTIFFS' MOTION
FOR ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt and sanctioned for violating the Court's May 15, 2006 preliminary injunction order. (Dkt. No. 62). Having reviewed the materials submitted by the parties and the balance of the record, the Court DENIES Plaintiffs' motion for the reasons discussed below. The Court also STRIKES Plaintiffs' supplemental brief in support of its motion (Dkt. No. 76) because such briefs are not authorized by the local rules of this Court.

**Discussion**

On May 15, 2006, the Court issued an order granting in part and denying in part Plaintiffs' motion for a preliminary injunction. Among other things, the order provided:

    *    Defendants John Allen and John Allen LLC, and each of their officers, agents, servants, employees, and other persons acting in concert with them, were prohibited from performing or rendering services for any person or entity for whom Mr. Allen

ORDER - 1

performed services as an employee, member, and/or consultant of Shainin[1] between September 13, 2001 and September 12, 2004. The order provided that these restraints would remain in effect until September 12, 2007, unless otherwise ordered by the Court.

* Defendants David Hartshorne, David Hartshorne, Ltd., and The New Science of Fixing Things, Ltd., and each of their officers, agents, servants, employees, and other persons acting in concert with them, were prohibited from performing or rendering services for any person or entity for whom Mr. Hartshorne performed services as an employee, member, and/or consultant of Shainin between September 1, 2000 and August 31, 2003. The order provided that these restraints would remain in effect until August 31, 2006, unless otherwise ordered by the Court.

* The Court provided that the order should not be construed as precluding Defendants from conducting a seminar that The New Science of Fixing Things planned to offer in Michigan on May 17-18, 2006. However, the order provided that this seminar could not be attended by persons or employees of entities for whom Mr. Allen or Mr. Hartshorne had performed services as a Shainin employee, consultant, or member in the three years immediately preceding the termination of their respective employment agreements.

* The Court also provided that the order should not be construed as enjoining Defendants from soliciting or performing services for persons or entities who are not Shainin clients but who are simply in the supply chain of a Shainin client.

Plaintiffs argue that the May 17-18 seminar in Michigan was attended by at least five people for whom Defendants had "specifically worked" during their last three years of employment at Shainin. According to Plaintiffs, three of these people work for Robert Bosch Corporation ("Bosch"), while two others work for an undisclosed Shainin client. Plaintiffs contend that under the preliminary injunction order, employees of Bosch and the undisclosed company were barred from attending the May 2006 seminar conducted by Defendants. To support this contention, Plaintiffs argue: (1) Mr. Allen "taught elements of Shainin's energy function model at the 2002 Shainin symposium which was attended by two Bosch employees"; (2) Mr. Allen "contributed to the 2004 Shainin symposium with responsibilities as a Shainin employee," which was attended by eleven Bosch employees; (3) Mr. Hartshorne taught five classes attended by Bosch employees; (4) Mr. Hartshorne "performed a tutorial

---

[1] The order used the term "Shainin" to refer collectively to all three named plaintiffs in this action. (Dkt. No. 41 at 2).

ORDER - 2

service in the 2002 Shainin Symposium and contributed to the 2003 Shainin symposium," which was attended by Bosch employees; and (5) employees of the second, undisclosed company attended the 2002-04 Shainin symposia, as well as a class taught by Mr. Hartshorne in 2002. (Opening Brief at 4-5).

In response, Defendants argue that the Court's order should not be construed "to include incidental contact that may have occurred at the annual Shainin Symposia and its public classes." (Opp. at 2). Defendants also argue that Plaintiffs' evidence constitutes "an inadmissible grab bag of hearsay, double and triple hearsay and speculation based on alleged communications with unidentified persons at unidentified clients." Id. at 3.

The Court's May 15th order restrained Defendants from performing or rendering services for any person or entity for whom Mr. Allen or Mr. Hartshorne had "performed services" while working for Shainin during the relevant time periods. The term "performed services" may be subject to different interpretations. For purposes of clarity, the parties are advised that the Court did not intend the May 15th order to bar Defendants from performing or rendering services for all people who ever attended Shainin's annual symposia or "public classes" taught by Mr. Allen or Mr. Hartshorne during the relevant time periods. The Court also did not intend to restrain Defendants from performing or rendering services for all entities that ever sent representatives to Shainin's annual symposia or to "public classes" taught by Mr. Allen or Mr. Hartshorne during the relevant time periods. Instead, the Court intended to restrain Defendants from performing services for persons or entities for whom Mr. Allen or Mr. Hartshorne had worked with in a more direct and individualized capacity during the relevant time periods – such as persons or entities for whom Mr. Allen or Mr. Hartshorne had performed "in-house" client seminars or worked with on specific projects to solve manufacturing problems.

It appears that Defendants interpreted the Court's May 15th order in a reasonable fashion and made a good faith effort to comply with the terms of the order, particularly in light of the short time

ORDER - 3

period between the issuance of the order on May 15th and the seminar scheduled for May 17-18. Defendants also indicate that they informed a number of people that they could not attend the May 2006 seminar in light of the preliminary injunction order. Under these circumstances, the Court declines to issue an order to show cause why Defendants should not be held in contempt of the Court's order of May 15, 2006. As Defendants note, "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation'" of a court order. In re Dual-Deck Video Cassette Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

**Conclusion**

For the reasons discussed above, Plaintiffs' motion for an order to show cause is DENIED. The clerk is directed to send copies of this order to all counsel of record.

Dated: August 31, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4