UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAININ II, LLC, et al.,

            Plaintiffs,

v.

JOHN ALLEN, et al.,

            Defendants.

NO. C06-420P

ORDER ON DEFENDANTS'
MOTION FOR LEAVE TO AMEND
ANSWERS TO ASSERT
COUNTERCLAIM FOR
DECLARATORY RELIEF

This matter comes before the Court on Defendants' motion for leave to amend their answers to assert counterclaims for declaratory relief. (Dkt. No. 73). Having reviewed the materials submitted by the parties and the balance of the record, the Court DENIES Defendants' motion, without prejudice to renewal. The reasons for the Court's order are set forth below.

**Background**

Plaintiffs Shainin LLC, Shainin II, LLC, and Red X Holdings LLC filed this action in March 2006. Plaintiffs raise claims for breach of contract, trademark infringement, unfair competition, tortious interference, and violations of the Washington Consumer Protection Act. Defendants are John Allen, David Hartshorne, John Allen LLC, David Hartshorne, Ltd., and The New Science of Fixing Things, Ltd. Mr. Allen and Mr. Hartshorne were formerly affiliated with one or more of the

ORDER - 1

Plaintiffs and signed a number of employment agreements and license agreements with one or more of the Plaintiffs.

Mr. Allen and John Allen LLC filed an answer to the complaint on May 11, 2006. Mr. Hartshorne, David Hartshorne, Ltd., and The New Science of Fixing Things, Ltd. filed their answer separately the same day. In their answers, Defendants raised one counterclaim for payment of their attorney fees under the Lanham Act. Defendants now seek leave to amend their answers to assert additional counterclaims. However, Defendants did not submit a copy of the proposed amended answers and counterclaims with their motion to amend.

After Defendants' motion to amend was fully briefed, the Court granted in part and denied in part a motion by Plaintiffs to compel arbitration. (Dkt. No. 83). The Court's order compelled arbitration of claims asserted by Plaintiffs pursuant to certain contracts, but denied the motion to compel as to several other claims. As a result, some of Plaintiffs' claims remain pending in this Court, while others must be pursued in arbitration.

**Analysis**

The Court has two threshold concerns regarding Defendants' pending motion: (1) Defendants did not submit a copy of their proposed amended answers and additional counterclaims with their motion to amend; and (2) because the Court has now compelled arbitration of certain claims asserted by Plaintiffs, it is unclear whether some of the counterclaims that Defendants wish to assert must also be pursued in the arbitration proceedings.

1. <u>Failure to Provide Copy of Proposed Amendments</u>

Commentators have noted that "a copy of the amendment should be submitted with the motion [for leave to amend] so that the court and the adverse party know the precise nature of the pleading changes being proposed." 6 Charles Wright et al., <u>Federal Practice & Procedure</u> § 1485 (2d ed. 1990). Although Rule 15 does not include an express requirement that a proposed amended

ORDER - 2

pleading must be submitted with a motion for leave to amend, a number of courts have declined to consider such motions unless a copy of the proposed amended pleading is provided with the motion. See, e.g., Williams v. Wilkerson, 90 F.R.D. 168 (E.D. Va. 1981); Nation v. United States Government, 512 F. Supp. 121 (S.D. Ohio 1981).  The Court finds that a similar approach is warranted here, particularly because it appears that Defendants wish to assert broad counterclaims regarding the interpretation and enforceability of provisions from several agreements.

2.      Court's Ruling on Plaintiffs' Motion to Compel Arbitration

On August 28th, after Defendants' motion to amend was fully briefed, the Court issued an order that granted in part and denied in part Plaintiffs' motion to compel arbitration of their claims. This order compelled arbitration of some claims asserted by Plaintiffs, while other claims remained in this Court.  In light of the Court's order on Plaintiffs' motion to compel arbitration, it is unclear whether some of the counterclaims that Defendants wish to assert will have to be pursued as counterclaims in the arbitration proceeding, rather that in this Court.  Defendants should address this concern if they choose to file a renewed motion to amend their answers to assert counterclaims.

**Conclusion**

For the reasons set forth above, Defendants' motion for leave to amend their answers to assert counterclaims for declaratory relief is DENIED, without prejudice to filing a renewed motion that addresses the concerns discussed in this order.  The clerk is directed to send copies of this order to all counsel of record.

Dated: September 19, 2006

                                         s/Marsha J. Pechman
                                         Marsha J. Pechman
                                         United States District Judge

ORDER - 3