UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAININ II, LLC, et al.,

               Plaintiffs,

v.

JOHN ALLEN, et al.,

               Defendants.

NO. C06-420P

ORDER ON PLAINTIFFS' MOTION FOR DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court on Plaintiffs' motion to dismiss without prejudice. (Dkt. No. 93). Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS in part and DENIES in part Plaintiffs' motion. The Court ORDERS as follows:

(1)    The Court GRANTS the motion to the extent Plaintiffs seek to voluntarily dismiss all claims against John Allen LLC, David Hartshorne, Ltd., and The New Science of Fixing Things, Ltd. pursuant to Fed. R. Civ. P. 41(a)(2). All claims against these three Defendants will be dismissed without prejudice and without costs, with the exception that Plaintiffs will be required to pay the reasonable attorneys' fees incurred by Defendants in responding to this motion. Defendants are directed to file a motion documenting their reasonable attorney's fees within 30 days of the date of this order. As a condition of dismissal, Plaintiffs agree that all discovery taken in this matter may be used in both the pending arbitration proceeding and any future litigation of the dismissed claims.

ORDER - 1

1      (2)    The Court DENIES Plaintiffs' motion to the extent Plaintiffs seek to dismiss some, but not all, claims against Defendants John Allen and David Hartshorne pursuant to Rule 41(a)(2). If Plaintiffs wish to seek dismissal of less than all of their claims against these two individual Defendants, they must file a motion to amend their complaint under Rule 15, along with a copy of their proposed amended complaint.

      (3)    The Court RESERVES ruling on Plaintiffs' request to stay claims against John Allen pursuant to a 2003 Employment Consultant Agreement. Plaintiffs may renew this request in a subsequent motion, depending on which course of action they choose to take in response to this order.

The reasons for the Court's order are set forth below.

**Background**

Plaintiffs Shainin LLC, Shainin II, LLC, and Red X Holdings LLC filed this action in March 2006. There are five named defendants: (1) John Allen; (2) David Hartshorne; (3) John Allen LLC; (4) David Hartshorne, Ltd.; and (5) The New Science of Fixing Things, Ltd. Mr. Allen and Mr. Hartshorne were formerly affiliated with one or more of the Plaintiffs and signed a number of employment agreements and license agreements with one or more of the Plaintiffs.

In May 2006, the Court granted in part and denied in part Plaintiffs' motion for a preliminary injunction. On August 28, 2006, the Court granted in part and denied in part Plaintiffs' motion to compel arbitration. As a result, some of Plaintiffs' claims remain pending in this Court, while similar if not identical claims must be arbitrated. In its order on the motion to compel arbitration, the Court noted that this "highly inefficient result" was dictated by the unusual facts of the case and the conduct of the parties. Plaintiffs state that this motion is an attempt to address this inefficiency.

**Analysis**

In their opening brief, Plaintiffs stated that they were bringing this motion pursuant to Fed. R. Civ. P. 41(a)(2). This rule provides that after an answer to a complaint has been filed:

ORDER - 2

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.[1] Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Plaintiffs' opening brief appears to assume that Rule 41 may be used to dismiss some, but not all, claims against a particular defendant. However, as Defendants note, the law is clear that a party cannot use Rule 41 to less than <u>all</u> claims against a particular defendant. The Ninth Circuit has stated:

> Most contemporary courts, including our own, have declined to read [Rule 41(a)] literally as permitting the dismissal only of an *entire* action against *all* defendants. These same cases, however, have only extended to rule to allow the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action. Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case.

<u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original).

Here, Plaintiffs are seeking to dismiss: (1) all claims against the three corporate Defendants; but (2) only some of the claims against the two individual Defendants. Although the first request is appropriate under Rule 41(a)(2), the second request is not. As a result, these requests must be considered separately.

1. <u>Dismissal of Claims Against Corporate Defendants</u>

The Court first considers Plaintiffs' request to dismiss all claims against the three corporate Defendants without prejudice. Under Ninth Circuit law, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). The court in <u>Smith</u> noted:

---

[1] The only "counterclaim" that Defendants have asserted is for their attorneys' fees under 15 U.S.C. § 1117 if they prevail on Plaintiffs' claims under the Lanham Act and if the Court deems the case "exceptional." Defendants have not argued that this asserted "counterclaim" presents a barrier to voluntary dismissal of all claims against the corporate Defendants.

ORDER - 3

> We have previously held that "legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Also plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

Id. (internal citations omitted).

Courts outside the Ninth Circuit have listed a number of factors to consider in whether to permit voluntary dismissal under Rule 41(a)(2), including: (1) defendant's efforts and expense in preparing for trial; (2) plaintiff's diligence in prosecuting the action; (3) plaintiff's explanation of the need to dismiss; and (4) the status of the litigation (e.g., whether summary judgment motions have been filed, the immediacy of trial, etc.). See, e.g., Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358-59 (10th Cir. 1996). These factors "need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss." Id. at 358. In addition, "they are not exclusive; rather, they are guides for the district court." Id. These factors are also relevant in determining whether a voluntary dismissal should be with or without prejudice. See 8 James Wm. Moore, Moore's Federal Practice § 41.40[10][d][vii] (3d ed. 2006).

The Court finds that these factors weigh in favor of permitting Plaintiffs to voluntarily dismiss all claims against the corporate Defendants without prejudice. First, Defendants have offered little specific evidence regarding the three corporate Defendants' efforts and expense in preparing for trial. Although Defendants state generally that they have expended over $138,000 in defending against Plaintiffs' claims (both in this Court and in arbitration), it appears that these expenses would have been incurred regardless of whether the three corporate Defendants were included in the case. In any case, Defendants have not argued that the work performed in this case on behalf of the three corporate Defendants would not be useful in any subsequent proceedings. Second, there is no serious dispute that Plaintiffs have been diligent in prosecuting this action. Third, Plaintiffs' reason for seeking

ORDER - 4

dismissal – to address the inefficiency of having two overlapping actions proceeding in two different forums – is a valid concern. Finally, no summary judgment motions have yet been filed in this case, and the trial date is not until March 2007.

Defendants argue that if claims against the corporate Defendants are dismissed without prejudice, Plaintiff should be required to pay a portion of their litigation costs. Specifically, Defendants seek $4,060 for fees incurred in responding to the motion to dismiss and $70,606 for fees incurred in this litigation prior to the pending motion. Defendants arrived at the latter figure as follows: (1) Defendants claim to have incurred $138,443.56 in litigation costs to date; (2) Defendants estimate that no more than 15% of those costs were "directly incurred" for the arbitration case, leaving $117,677; and (3) Defendants ask for three-fifths of the $117,677 amount, apparently based on a theory that such an amount would be appropriate because Plaintiffs' motion would result in dismissal of claims against three of the five Defendants.

One commentator has noted that an order permitting a voluntary dismissal without prejudice under Rule 41(a)(2) "usually at least should require that the plaintiff pay the costs of the litigation," with the exception of "expenses for items that will be useful in another action or that were incurred unnecessarily." 9 Charles A. Wright, et al., Federal Practice & Procedure § 2366 at 305-308 (2d ed. 1995). However, it is not mandatory for a district court to require a plaintiff to pay the defendant's costs in order to voluntarily dismiss without prejudice. The Ninth Circuit has observed:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required.

Stevedoring Servs. of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989); see also Western Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996) ("Imposition of costs of fees as a condition for dismissing without prejudice is not mandatory").

ORDER - 5

     Here, the Court has no reasonable basis to conclude that three-fifths of the litigation costs incurred by Defendants were due to the inclusion of the three corporate Defendants in the complaint. Instead, it would appear to the Court that the costs incurred by Defendants would have likely been the same even if the original complaint was limited to claims against Mr. Allen and Mr. Hartshorne. In addition, it would seem likely that much of the work performed on behalf of the three corporate Defendants in this matter could be reused in subsequent proceedings. Therefore, the Court has little basis to award the $70,000 in fees requested by Defendants.

     However, the Court will grant Defendants their reasonable attorney's fees that were incurred in opposing this motion. "The defendant should be awarded the costs incurred in opposing the plaintiff's motion for a voluntary dismissal." 8 James Wm. Moore, Moore's Federal Practice § 41.40[10][d][iv] (3d ed. 2006). Defendants would not have incurred such fees if Plaintiffs had not sued the three corporate Defendants in the first place and such work is not likely to be reused in subsequent proceedings. Defendant are directed to file, within thirty days of the date of this order, a motion that documents the reasonable attorney's fees that they are claiming for opposing this motion.

     Defendants also ask that as a condition of dismissal: (1) the Court order Plaintiffs to answer and respond to all discovery requests served by Defendants prior to entry of the Court's order; and (2) the Court allow Defendants to have this Court resolve any motion to compel discovery brought by Defendants. Defendants do not cite any authority for these requests, and the Court declines to impose these conditions. Indeed, it is not clear what basis the Court would have to resolve a motion to compel discovery brought by the three corporate Defendants after they are dismissed from this action.

     For their part, Plaintiffs indicate that as a condition of voluntary dismissal, they will agree that any discovery in this matter may be used in subsequent proceedings, including the arbitration proceeding. The Court finds that this condition is reasonable and appropriate.

ORDER - 6

2.   <u>Claims Against John Allen and David Hartshorne</u>

The Court previously granted in part and denied in part Plaintiffs' motion to compel arbitration of their claims against John Allen and David Hartshorne. The Court held as follows:

- *   *Mr. Allen*:  Plaintiff Red X Holdings LLC was entitled to compel arbitration of claims against Mr. Allen pursuant to a 1998 License Agreement. The Court stayed such claims pending arbitration. However, the Court held that Plaintiffs could not compel arbitration of claims against Mr. Allen pursuant to a 2003 Employment Consultant Agreement or pursuant to an unsigned 2002 consulting agreement.

- *   *Mr. Hartshorne*:   Plaintiff Shainin LLC was entitled to compel arbitration of claims against Mr. Hartshorne pursuant to a 1998 Standard Consultant Agreement and Plaintiff Red X Holdings LLC could compel arbitration of claims against Mr. Hartshorne pursuant to a 1998 License Agreement. The Court stayed such claims pending arbitration. However, the Court also held that Plaintiffs could not compel arbitration of claims against Mr. Hartshorne that arose from a 1993 License Agreement, nor could they compel Mr. Hartshorne to arbitrate claims under a 2004 consulting agreement that did not contain an arbitration clause.

In the pending motion, Plaintiffs ask the Court to order: (1) that claims against Mr. Hartshorne be dismissed without prejudice, with the exception of the claims that have been stayed pending arbitration;  (2) that claims against Mr. Allen be dismissed without prejudice, with the exception of the claims that have been stayed pending arbitration; and (3) that claims against Mr. Allen pursuant to the 2003 Employment Consultant Agreement be stayed (rather than dismissed) in order to preserve the Court's jurisdiction over the preliminary injunction entered against him in May 2006.

As discussed earlier, Rule 41(a)(2) does not authorize the Court to permit Plaintiffs to dismiss some, but not all, of their claims against Mr. Allen and Mr. Hartshorne. After Defendants noted this point in their opposition brief, Plaintiffs suggested in their reply brief that the Court should allow Plaintiffs to amend their complaint under Rule 15 in order to dismiss certain claims against Mr. Allen and Mr. Hartshorne.

The Ninth Circuit has noted that Rule 15(a) "is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389, 1392 (9th Cir. 1988).

ORDER - 7

1  However, there would be several problems with granting Plaintiffs leave to amend their complaint
2  under Rule 15 based on the pending motion. First, Plaintiffs did not raise Rule 15 as a basis for their
3  motion until their reply brief, meaning that Defendants have not had an opportunity to respond to this
4  argument. Second, the deadline for filing amended pleadings under the case schedule in this matter
5  was July 14, 2006. See Dkt. No. 58. Finally, the Court recently denied Defendants' request for leave
6  to amend their answers to assert additional counterclaims, in part because Defendants had not
7  submitted a copy of their proposed amended answer and counterclaims along with their motion. See
8  Dkt. No. 87. To be fair to both sides, the Court would have to apply the same reasoning here and
9  require Plaintiffs to submit a copy of the proposed amended complaint along with a motion to amend.

10  Therefore, the Court will deny Plaintiffs' request to voluntarily dismiss claims against Mr.
11  Allen and Mr. Hartshorne under Rule 41(a)(2), without prejudice to their ability to file a motion to
12  amend their complaint under Rule 15. Since the July 14th deadline for amending pleadings has passed,
13  Plaintiffs would also have to show good cause under Rule 16 for the Court to alter the case schedule
14  to permit a late amendment to their pleadings.

15  As a final matter, it should be noted that Plaintiffs have not requested dismissal of their claims
16  against John Allen pursuant to his 2003 Employment Consultant Agreement. Instead, Plaintiffs have
17  asked that the Court stay such claims pending completion of arbitration so that the Court will retain
18  jurisdiction to enforce the preliminary injunction against Mr. Allen. It is within the Court's discretion
19  to determine whether to stay a non-arbitrable claim pending arbitration of other claims. As the
20  Supreme Court has noted, "[i]n some cases, of course, it may be advisable to stay litigation among the
21  non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district
22  court . . . as a matter of its discretion to control its docket." Moses H. Cone Mem'l Hosp. v. Mercury
23  Constr. Corp., 460 U.S. 1, 20 n.23 (1983).

24  Because the Court is denying Plaintiffs' motion to dismiss certain claims against Mr. Allen
25  without prejudice to filing a motion to amend under Rule 15, the Court will reserve ruling on

26  ORDER - 8

1  Plaintiffs' request to stay their claims against Mr. Allen pursuant to the 2003 Employment Consultant
2  Agreement. Plaintiffs may renew this request in a subsequent motion, depending on which course of
3  action they choose to take in response to today's order.

**Conclusion**

For the reasons stated above, the Court GRANTS in part and DENIES in part Plaintiffs' motion to dismiss without prejudice.

The Court GRANTS Plaintiffs' motion to the extent Plaintiffs seek to voluntarily dismiss all claims against John Allen LLC, David Harthshorne, Ltd., and The New Science of Fixing Things, Ltd. Plaintiffs will be permitted to dismiss all claims against these three defendants without prejudice and without costs, with the exception that Plaintiffs will be required to pay the reasonable attorney's fees incurred by Defendants in responding to this motion. Defendants are directed to file a motion documenting their reasonable attorney's fees within 30 days of the date of this order. As a condition of dismissal of these claims, Plaintiffs agree that all discovery taken in this matter may be used in both the pending arbitration proceeding and any future litigation of the dismissed claims.

The Court DENIES Plaintiffs' motion to the extent Plaintiffs seek to dismiss some, but not all, claims against John Allen and David Hartshorne. If Plaintiffs wish to seek dismissal of less than all of their claims against the two individual Defendants, they must file a motion to amend their complaint under Rule 15, along with a copy of their proposed amended complaint.

The Court RESERVES ruling on Plaintiffs' request to stay claims against John Allen pursuant to a 2003 Employment Consultant Agreement. Plaintiffs may renew this request in a subsequent motion, depending on which course of action they choose to take in response to this order.

//
//
//
//

ORDER - 9

1 | The clerk is directed to send copies of this order to all counsel of record.

2 | Dated: October 24, 2006

                                        s/Marsha J. Pechman  
                                        Marsha J. Pechman  
                                        United States District Judge

ORDER - 10